IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LOREL CONDOMINIUM ASSOCIATION, INC., an Illinois Not-for-Profit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC., a railroad corporation, <br><br> Defendant. | Case No.: 1:19-cv-06410 |

## CSX TRANSPORTATION, INC.'S ANSWER
## TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant, CSX Transportation, Inc. ("CSXT"), by its attorneys, Daley Mohan Groble, P.C., for its Answer to Plaintiff, Lorel Condominium Association, INC.'s Complaint for Injunctive Relief, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, LOREL CONDOMINIUM ASSOCIATION, INC., (hereinafter the "Association") is a condominium association located in Oak Lawn, Illinois and subject to the General Not-for-Profit Corporation Act and the Condominium Property Act.

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 1.**

2. The Association acts through its Board of Directors, which has the power and duty to operate and maintain the Common Elements of the real estate and improvements located at 5201-5231 W. 110th Street; 5301-5334 W. 109th Street; 10902-10944 S. Lorel Avenue; and 11009-11015 S. Cook Avenue in Oak Lawn, County of Cook, Illinois and legally described as follows:

> LOTS 352 THROUGH AND INCLUDING LOT 365 IN PHASE SIX OF EAGLE RIDGE SUBDIVISION BEING A SUBDIVISION OF PART OF THE SOUTHWEST¼ OF SECTION 16, TOWNSHIP 37 NORTH, RANGE 13 EAST OF THE THIRD

1

PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS AS RECORDED PER DOCUMENT NO. 00503580, RECORDED JULY 7, 2000.

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 2.**

3. The Board of Directors has standing and capacity to act on behalf of the Unit Owners in matters relating to the Common Elements. See Paragraph 2 of Exhibit 1

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 3.**

4. Upon information and belief, Defendant, CSX TRANSPORTATION, INC., (hereinafter "CSX") is a foreign corporation licensed to do business in the State of Illinois.

**ANSWER: CSXT admits the allegations contained in Paragraph 4.**

5. Upon information and belief, CSX is the record owner of the property located directly adjacent to the property located at 5229 W. 110th Street through 5332 W. 109th Street in Oak Lawn, County of Cook, Illinois.

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 5.**

6. A brick and concrete wall divides the property owned by the Association and the property owned by CSX.

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 6.**

7. Multiple trees on CSX's property are located near the boundary line between the two properties.

**ANSWER: Defendant CSXT has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations of Paragraph 7.**

8. The branches and roots of trees located on CSX's property have encroached on the

Association's property, above and beneath the brick wall.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 8.**

9. Specifically, trees roots and branches have grown under and are pushing against the brick wall and onto to Association's property causing portions of the brick wall to fall, buckle, and crack.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 9.**

10. On or about October 5, 2016, the Association put CSX on notice that the trees on CSX's property were encroaching on the Association's property and causing damage. See Paragraph 3 of Exhibit 1.

**ANSWER:CSXT admits that the Association contacted CSXT on October 5, 2016, but denies any further allegations contained in Paragraph 10 as it pertains to CSXT.**

11. On July 23, 2018, after numerous requests by the Association stressing the urgency for CSX to take action to avoid further damage to the Association's property, the Association's legal counsel sent correspondence to CSX demanding that CSX remove all trees in which the Association marked for removal by August 15, 2018. See Paragraph 4 of Exhibit 1.

**ANSWER: CSXT admits that the Association contacted CSXT on July 23, 2018, but denies any further allegations contained in Paragraph 11 as it pertains to CSXT.**

12. On or about August 3, 2018, CSX removed certain portions of the trees encroaching on the Association's west end of the property. CSX did not remove any encroaching tree roots or any trees from the east end of the property. See Paragraph 5 of Exhibit 1.

**ANSWER: CSXT admits it removed trees from CSXT property but denies any further allegations contained in Paragraph 12 as it pertains to CSXT.**

13. On September 17, 2018, the Association's legal counsel sent correspondence to CSX demanding that CSX remove all trees within one foot of the Association's concrete wall before October 15, 2018. See Paragraph 6 of Exhibit 1.

**ANSWER: CSXT admits that the Association contacted CSXT on September 17, 2018, but denies any further allegations contained in Paragraph 13 as it pertains to CSXT.**

14. To date, CSX has failed to remove the remaining encroaching trees and tree roots. See Paragraph 7 of Exhibit 1

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 14.**

15. As a result, the encroaching trees and tree roots continue to destabilize and damage the Association's brick wall.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 15.**

## COUNT I - INJUNCTIVE RELIEF

16. The Association incorporates by reference paragraphs 1 through 15 of the General Allegations of the Complaint as if fully set forth herein.

**ANSWER: Defendant CSXT reasserts its responses by reference as if fully set forth herein.**

17. The Association has an ascertainable right to the use and enjoyment of its property and for its property to be free and clear of encroaching trees and tree roots.

**ANSWER: Paragraph 17 asserts a legal conclusions to which no answer is required. To the extent Paragraph 17 is not a legal conclusion, CSXT denies the allegations contained within Paragraph 17.**

18. The Association's legal remedies are inadequate as the harm posed to the Association by the encroaching trees and tree roots are continuing in nature.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 18 as it pertains to CSXT.**

19. The encroaching trees and tree roots must be removed from CSX's property to stop continued and further damage to the Association's property.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 19 as it pertains to CSXT.**

20. The Association will suffer irreparable injury in the absence of injunctive relief, as the encroaching trees and tree roots will continue to grow and damage the Association's property.

**ANSWER: Defendant CSXT denies the allegations contained within Paragraph 20 as it pertains to CSXT.**

WHEREFORE, Defendant, CSX TRANSPORTATION, INC., demands that Plaintiff, LOREL CONDOMINIUM ASSOCIATION, INC., obtain no relief by virtue of its Complaint.

## COUNT II - NEGLIGENCE

21. The Association incorporates by reference paragraphs 1 through 15 of the General Allegations of the Complaint as if fully set forth herein.

**ANSWER: Defendant CSXT reasserts its responses by reference as if fully set forth herein.**

22. At all relevant times, CSX owed a duty of reasonable care to the Association to prevent damage to the Association's property caused by encroaching trees and tree roots.

**ANSWER: Paragraph 22 asserts a legal conclusions to which no answer is required. To the extent Paragraph 22 is not a legal conclusion, CSXT denies the allegations contained within Paragraph 22.**

23. CSX breached its duty of care owed to the Association by negligently and carelessly maintaining its property and allowing the trees and tree roots to encroach upon the Association's property, after receiving notice from the Association of the encroachment and damage being caused to the Association's property.

**ANSWER: Paragraph 23 asserts a legal conclusions to which no answer is required. To the extent Paragraph 23 is not a legal conclusion, CSXT denies the allegations contained within Paragraph 23.**

24. As direct and proximate cause of CSX's negligence as aforesaid, the Association's brick wall is damaged and requires repair and replacement. The Association has suffered and continues to suffer damages in an amount in excess of $50,000.

> **ANSWER: Paragraph 24 asserts a legal conclusions to which no answer is required. To the extent Paragraph 24 is not a legal conclusion, CSXT denies the allegations contained within Paragraph 24.**

**WHEREFORE**, Defendant, CSX TRANSPORTATION, INC., demands that Plaintiff, LOREL CONDOMINIUM ASSOCIATION, INC., obtain no relief by virtue of its Complaint.

        Respectfully Submitted,

        **CSX TRANSPORTATION, INC.,**

        By: ____/s/ Kerry M. Mohan_____
                One of Its Attorneys

Daniel J. Mohan
mohan@daleymohan.com
Kerry M. Mohan
kmohan@daleymohan.com
Daley Mohan Groble, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603-5001
312-422-9999
Firm No. 36564

# CERTIFICATE OF SERVICE

I, Kerry Mohan, an attorney certify that on October 1, 2019, I caused a true copy of the foregoing its *CSX's Answer to Plaintiff, Lorel Condominium Association, INC.'s Complaint for Injunctive Relief*, to be served upon the following attorney of record via the Court's CM/ECF system and/or electronic mail:

*Attorneys for Plaintiff:*

Tressler LLP
Kathryn A. Formeller,
kformeller@tresslerllp.com
Anita Jahanban,
ajahanban@tresslerllp.com


                                          /s/ Kerry M. Mohan
                                          Kerry M. Mohan